Your Honors, may it please the Court, I'm John Strauss and I represent the Plaintiff Appellant Jennie Loeffler. The main question here is whether there is entity liability under the Driver's Privacy Protection Act or DPPA under two theories, direct liability and vicarious liability. We ask that the Court hold there is under both. Finally, we ask that the Court find that equitable tolling precludes the running of the statute of limitations because the Department of Public Safety thwarted Ms. Loeffler's attempts. So are you conceding that the recent Hagelin decision sort of shoots down your argument? On relation back, we would have to have the whole circuit hear that. Okay, so you're conceding that for purposes of this panel? That's correct, Your Honor, yes. Equitable tolling is your only argument? On the statute of limitations issue, yes, Your Honor. Okay. Under the plaintiff... How could she possibly have been diligent given that she knew who this person was for a long time? Your Honor, how could she have been diligent? She wasn't sure it was this person who accessed her. The audit that came back to her said that the audit that came back to her said only that it was someone from Duluth. She had an assumption that it might be that person, but especially considering the situation where this woman was having an affair with her husband, she had no desire to put her in the case until she knew for sure that this was the woman who did it. And so the standard under equitable tolling... When did she know for sure? She knew for sure in 2015 when she got an audit, in discovery in this case. She did not know for sure. The standard in equitable tolling, Your Honor, is that the plaintiff act diligently and that there is some extraordinary circumstance. The extraordinary circumstance here is that unlike most other DPPA plaintiffs, in 2011, the Department of Public Safety did not provide an audit to Ms. Laffer when she asked for one. So that's also different than the case in Hagland where there was just equitable estoppel, which required some bad act on the part of the defendant that prevents the person from learning the information. Here, she was diligent. She tried to get an audit in 2011. She tried again in 2013 when they had apparently changed their practice at the Department of Public Safety. She got one. And then she brought suit. So we believe there should be equitable tolling here. Now as to entity liability, under the plain meaning of the DPPA, cities and counties can be held directly liable. That's because under the DPPA, a person includes municipalities. A person under the statute includes not only individuals, but an organization or an entity. Is your reading of the district court's ruling that it dismissed Duluth because it could not be directly liable or just that it was not a plausible claim alleged in the complaint? I didn't read it to say that direct liability was not an option. Well, I think it's implicit in the court's ruling because they already said that the accesses by the Duluth officer, the Jane Doe, were plausible. So the only reason implicit in its ruling was that there could then not be direct or vicarious liability. Those are two different theories though, right? Direct liability and vicarious. Direct and vicarious are two different theories. The court didn't specifically say it, but it's implicit that there can't be if they already found that those accesses from a Duluth officer were plausible. The statute indicates that a city may avoid liability when carrying out its functions, and so therefore it can be liable when access was not to carry out its law enforcement functions. I mean, Congress specifically wrote that state agencies in the state are excluded, but included an organization and an entity. So cities can be directly liable under the statute. Let me ask you, did you raise these vicarious liability arguments in your objections to the magistrate's report and recommendations? We did not raise vicarious liability. The judge's, the magistrate's order is confusing because the magistrate, if you look at it, it says it's granted in part and denied in part as to Duluth. The magistrate appeared to be saying that Duluth was still involved in the case as for its DOE officer. It was then the district court who said, nope, the DOE officer could still be in the case, but Duluth is out. So there was no opportunity, and the court did that sua sponte. The B-1 law enforcement exception clarifies permissible and permissible uses as to a city if that's the party sued or an individual if that's the party sued. So there's no doubt, you know, the statute has businesses, insurers, private investigators. There's no doubt in those cases that the statute would say that a business insurer or a private investigation agency would, along with their employees, would be liable under the statute. There's no reason under the statute where Congress explicitly included cities here or there to be held civilly liable. The court below then implicitly rewrote the statute, substituting its preference over the statute over what Congress plainly wrote. If the court below's reading of the statute is allowed to stand, then it basically says there can never be direct liability over a city. The statute, though, is not ambiguous. Cities are persons and can be held civilly liable. The court recognized, this court recognized just that much. In McDonough, when it remanded for further proceedings, not just against the individual does, but also against the cities and counties, too. Now the defense says that this is, we're trying to get strict liability against the cities here. But that's not true. That's a red herring. Strict liability requires a finding of liability without fault. This is the exact opposite of here. This isn't even negligence or recklessness. There has to be intentional conduct here. So there could not, and that intentional conduct here was by the Jane Doe officer. So this is not a matter of strict liability. Isn't, wouldn't that, isn't that more accurately characterized as vicarious liability? There is some overlap here with vicarious liability, no doubt. But Congress here specifically said not just the individuals could be liable, but the entities themselves. So, so based on your assertion of what the direct liability is, what's the difference then based on your theory between the direct liability of Duluth because of the Jane Doe and vicarious liability? We're talking about the same act. It's the same act that the Jane Doe did, that Duluth did. It's the same access. So we're not trying to get a windfall here, but we're trying to say that both Duluth is responsible. And Duluth is also responsible vicariously. So even if somehow there was not direct liability against Duluth, there is vicarious liability. But finding the principle, even when the agent is acting for its own, her own benefit. What, where, where in the complaint, what paragraphs allege the vicarious liability theory? Sure. So I, the, on page A13 of the complaint, we allege that Duluth aided in the agency of the relationship, not using those specific words, but basically that the, that the officers use the computers and accesses of, use the computers of Duluth and access with passwords and credentials from the city. And then also on paragraph A23, or sorry, at A23 of the appendix, that there was a parent authority, basically that Duluth provided access to the employees without giving them parent authority. And then finally, scope of employment is on page A30. So based in closing, in addition to direct liability, we ask that the court find that Duluth cities can be vicariously liable under DPPA if their employees misuse the DVS database. I'll reserve the rest of my time for rebuttal. Thank you, Mr. Strauss.  Morning. Thank you, Your Honors. May it please the court, Nathan LeCousier on behalf of the city of Duluth, and much of what I plan to say here today, I believe I've heard, has just been conceded that one, under the Haglund decision, the claims against Officer Kopp are now time-barred as a matter of binding Eighth Circuit precedent. I thought I also heard that vicarious liability was not raised below before the district court, and I believe that's correct. And we've pointed out in the brief . . . But he says he didn't have the opportunity to, is that . . . because I think the way he explained it is the district court sort of sua sponte took that up, is that right? We disagree with that, Your Honor, and I think, in particular, if the court looks at Docket 104, that would be the objections raised by Ms. Loeffler to the report recommendations of the magistrate judge. And when you look at all the briefing before the court, what you see is that at no point was the issue of vicarious liability raised as a defense to the city's Rule 12 motion to dismiss. And that was also the case in the objection to the report recommendation that went to Judge Davis. Okay, so if that's . . . let's assume that that's right and that's been waived, what about direct liability? Was that raised and on what basis was that dismissed? And I think as Judge Kelly noted, there's overlap here, and essentially the plausibility argument has morphed from the district court level to the Eighth Circuit appellate level, where in essence, the city argued below that the appellate had failed to plausibly allege a claim of, in essence, direct liability against the City of Duluth. There was no allegation in the complaint that the City of Duluth itself, as a corporate entity, knowingly obtained or used or disclosed the information of Ms. Loeffler, nor was there an allegation that the City of Duluth, as a corporate entity, provided access to the system to any of its officers for an impermissible purpose. So Judge Davis correctly ruled below that, in fact, in this case, there was a failure to allege a plausible claim of direct liability against the City of Duluth corporate under the DPPA. Was that holding challenged on appeal? Your Honor, and here again, we've noted in the brief that the argument has shifted a bit here in the appeal in the sense that the Rule 12 dismissal below was based on the plausibility argument. Here, on appeal, the appellant is arguing that an entity can only act through its individuals, in essence, is saying that this direct liability argument is like a vicarious liability argument. And so, essentially, what we've argued in our brief is that the direct liability argument, as raised on appeal, is really no different than the exact same vicarious liability argument that we posit has been waived for failing to raise below. Even if the court were to find that this is properly before the court, the district court correctly ruled that there are simply no allegations in the complaint that would establish a plausible claim that the City of Duluth, in its corporate capacity, acted in any way, shape, or form outside of the broad law enforcement exemption and exception provided under the DPPA. What about the vicarious liability assertion? Do you believe that's been plausibly pled, well, has it been pled at all in the complaint? Which will leave the plausibility to the side. Respectfully, no, Your Honor. And when you look at the allegations in the complaint, paragraph 197 of the original complaint asserts a generic and general allegation that all of the entity defendants are vicariously liable for the acts of their employees. And I believe, as counsel conceded, the other paragraphs referenced in the complaint use none of the terms that are in the briefing before this court. There's no allegation of apparent authority, aided in agency authority. All of the allegations pled in the complaint were generally and generically pled against all of the entity defendants. Short answer, no, Your Honor. Unless the court has any further questions. On the statute of limitations, I think you're right. The first part was conceded, but I don't, he also raised equitable tolling. What's your response to that? Your Honor, this court in Hegland ruled that equitable tolling was not appropriate. Our position is that it's no different here, and in fact, the facts of the case here warrant equitable tolling even less than they did in Hegland. There's no dispute that in May of 2013, a notice of claim was sent to the city clerk's office, and the mayor of the city of Duluth, that actually named Officer Rebecca Cobb in the notice of claim to the city. Subsequently, in the July 2013 complaint, the plaintiff chose to use the Doe defendant placeholder. So as we've argued, equitable tolling here is even less appropriate than in the Hegland case, and we would ask that this court rule as such. Thank you, Your Honor. Very well. Thank you, counsel. Roberta? Just a few points, Your Honor. There was no reason for Ms. Loeffler to respond to their 12B motion with discussing vicarious liability. They moved to dismiss on plausibility, damages, and that the meaning of obtain under the statute, not distinguish between individuals and entities. So there's no reason to respond to that. Well, wouldn't part of responding to plausibility be laying out your theory of vicarious liability? I don't think that's, not when they're not moving to dismiss on those grounds, Your Honor. They're moving to dismiss on grounds that were completely unrelated to that. We were saying that it was plausible that accesses by Duluth were impermissible. That's what they were arguing, and that's what we responded to. Also want to underscore that the way Duluth is arguing this, it could never be liable under the statute, under a statute where the Congress specifically lists that entities can be liable, either, I mean, if not both direct or vicarious, at least one of them. And then as to the argument about do we plead vicarious liability, you don't have to use the specific legal terms, we pled allegations that would lead to the direct conclusion that there are facts supporting aided in the agency and scope of employment and also apparent authority. I see that I'm out of time. I thank you, and we ask for reversal and remand. Thank you, counsel. We appreciate your arguments today. The case will be submitted and decided in due course. Ms. Zilge, would you call our third case for argument, please? This case for argument is 1723.1, 24A, Mrs. Martins-Hodges, United States versus Sheila Lasky and 1,200-year-old Eagle.